WILLIAM H. THOMAS (ISB 3154)
DANIEL E. WILLIAMS (ISB 3920)
THOMAS, WILLIAMS & PARK, LLP
225 N. 9th Street, suite 810
P.O. Box 1776
Boise, ID  83701-1776
Telephone:  (208) 345-7800
Fax:  (208) 345-7894
wmthomas@thomaswilliamslaw.com
danw@thomaswilliamslaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF IDAHO

| | |
|---|---|
| THERESA HAMPTON, an individual,<br><br>                    Plaintiff,<br>vs.<br><br>CITY OF NAMPA, an Idaho municipal corporation,<br><br>                    Defendant. | Case No.  1:17-cv-143<br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Theresa Hampton, for her complaint, on her own behalf and on behalf of all others similarly situated, against Defendant, claims and alleges:

## INTRODUCTION

1.      Theresa Hampton ("Mrs. Hampton" or "Plaintiff") was employed as the Circulation Supervisor, Nampa Public Library, City of Nampa ("City") starting in 2005.  Mrs. Hampton was wrongly accused of creating a hostile work environment.  Consequently, Mrs.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, Page 1

Hampton's employment was wrongfully terminated on February 9, 2017 without pre- or post-termination procedures as required by the Fourteenth Amendment, United States Constitution. Mrs. Hampton, as a public employee and on behalf of all other similarly situated Nampa public employees, brings this action under 42 U.S.C. § 1983 for violations of Fourteenth Amendment due process rights.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§ 1331 and 1343.

3.      The acts alleged occurred in Canyon County, Idaho.  The unlawful employment practices were committed within this jurisdiction, and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(b)(3) and under Dist.Idaho Loc.Civ.R. 3.1.

## PARTIES

4.      Mrs. Hampton resides in Nampa, Idaho and when terminated, was employed as Circulation Supervisor, Nampa Public Library, City of Nampa. She was employed by the City of Nampa from October 14, 2005 until February 10, 2017.

5.      The City of Nampa Human Resource Director, Tina Combs ("Combs"), and Nampa Library Director, Chris Cooper ("Cooper") her immediate supervisor, fired Mrs. Hampton on February 9, 2017.

6.      Defendant City of Nampa is a municipal corporation organized under the laws of Idaho.  The City is the legal and political governmental entity responsible for the actions of its officials, agents, and employees. The City is sued in its own right and on the basis of the acts and omissions of its officials, agents, and employees.

7.      Upon information and belief, the City employs more than 550 employees.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, Page 2

## FACTUAL BACKGROUND

8.      As Library Circulation Supervisor, Mrs. Hampton managed staff and recommended hiring or firing decisions.

9.      Mrs. Hampton hired MaryEsther "Benita" Davila Krum ("Krum") as Library Circulation Assistant, August 15, 2016.  September 2016, Mrs. Hampton and Cooper met with Krum to criticize Krum's performance. Afterward, Krum's performance did not improve and Mrs. Hampton issued Krum a letter on November 10, 2016, terminating her employment.

10.      Combs reviewed the termination decision, disagreed with it and placed Krum on administrative leave rather than terminating her employment.  December 29, 2016, Combs ordered Mrs. Hampton to rehire Krum.

11.      Krum resigned January 21, 2017, alleging Mrs. Hampton created a hostile work environment.

12.      February 1, 2017, based on Krum's allegations, Combs directed Cooper to demote Mrs. Hampton.

13.      Mrs. Hampton refused to accept the demotion.

14.      February 3, 2017, Combs gave Mrs. Hampton a Notice of Proposed Disciplinary Action – Termination of Employment.

15.      Mrs. Hampton responded to the proposed termination notice on February 3, 2017, denying the allegations against her.

16.      At a meeting on February 9, 2017, Combs tendered a letter to Mrs. Hampton which terminated her employment effective February 10, 2017 ("Termination Letter"), The Termination Letter, in part, stated:

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, Page 3

"Although you are an at-will employee, you may be entitled to a Name Clearing/Discrimination hearing if your employment is being terminated based on allegations of dishonesty, immorality, or criminal misconduct; or if you are claiming this action was based on unlawful discrimination, issues involving job performance or employee attitude are not proper subject of this procedure and will not be heard."

17.    During the February 9, 2017, meeting with Combs, Combs told Mrs. Hampton she had no basis for a "Name Clearing/Discrimination hearing" since her termination did not fall under the "dishonesty, immorality, or criminal misconduct" clause.

18.    The Termination Letter instructed Mrs. Hampton that "[i]f you request a name clearing hearing, you will be entitled to meet with your supervisor and the human resources director."

19.    The "hearing" decision-makers would be Mrs. Hampton's supervisor, Cooper and Combs the same City employees who terminated Mrs. Hampton.

20.    Combs and Cooper are not impartial decision-makers.

21.    The City through Combs and Cooper did not provide a fair trial in a fair tribunal.

22.    The Termination Letter also confirmed that "[a]fter the meeting, the Library Director, Chris Cooper, shall consider the information submitted and such other information as might be in the City's records, and will arrive at a decision concerning the allegations."

23.    On November 9, 2016, in *Mieyr v. City of Nampa*, Case No. 1:15-CV-00509, U.S. District Court for the District of Idaho, Combs testified during her deposition that the City never had written procedures for pre- or post-termination hearings.  She further testified that:

23.1.    The City of Nampa had no written procedures for initiating pre-termination and post-termination due process hearings;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, Page 4

23.2.    The Nampa City Council has not adopted any procedures for terminated employees to exercise their due process rights to pre-termination and post-termination hearings;

23.3.    The City has not notified employees of their due process rights to pre-termination and post-termination hearings;

23.4.    Since 2015, The City has conducted one (1) pre-termination due process name-clearing hearing and no post-termination due process hearings; and,

23.5.    The City has not adopted in written form by resolution and procedures for post-termination hearings.

*An exerpts of Ms. Combs's Deposition Testimony is attached to this Complaint as Exhibit A, Michael S. Mieyr v. City of Nampa*, No. 1:15-CV-00509_EJL, Deposition of Tina Combs, pages 35-41; (Nov. 9, 2016).

## CLASS ACTION ALLEGATIONS

24.    Plaintiff incorporates and realleges paragraphs 1 through 23 above.

25.    This action is brought and may be maintained as a class action under the Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3) because there is a well-defined community of interest among many persons who comprise a readily ascertainable class. A well-defined community of interest exists to warrant class-wide relief because Plaintiff and all members of the Class were subjected to the same wrongful termination practices by the City of Nampa, without due process, entitling them to the same relief.

26.    The Class is defined preliminarily as follows:

Those employees of the City of Nampa terminated from employment within the past two (2) years who were not given notice of their right to a pre-termination hearing; not given notice of their right to a post-termination hearing; were discouraged from exercising their

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, Page 5

right to participate in a pre-termination or post-termination hearing; or were denied their constitutional due process rights because the City of Nampa had not adopted any policy, practice or procedure to ensure terminated employees were notified of their due process rights.

27.    The requirements of Federal Rule of Civil Procedure Rule 23 are met:

27.1    Upon information and belief, the Class is so numerous that individual joinder of its members is impracticable.

27.2    Common questions of law and fact exist as to members of the Class and predominate over any questions, which affect only individual members of the Class. These common questions include, but are not limited to:

27.2.1 Whether individuals terminated from employment with the City were provided pre -termination notice of their due process rights that complied with the due process requirements of the Fourteenth Amendment, United States Constitution;

27.2.2 Whether individuals terminated from employment with the City were provided post-termination notice of their due process rights that complied with the due process requirements of the Fourteenth Amendment, United States Constitution;

27.2.3 Whether individuals terminated from employment with the City were discouraged from exercising their right to participate in a pre-termination or post-termination hearing under the due process requirements of the Fourteenth Amendment, United States Constitution; and,

27.2.4 Whether individuals were denied their constitutional due process rights because the City had not adopted any policy, practice or procedure to ensure terminated employees were notified of their due process rights.

27.3    Plaintiff is a member of the Class she seeks to represent and her claims and injuries are typical of the claims and injuries of the other Class members.

27.4    Plaintiff will adequately and fairly protect the interests of other Class members. Plaintiff has no interest adverse to the interests of absent Class members.

27.5    Legal counsel with substantial experience in class action litigation represent Plaintiff. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

28.    The class should be certified as a class action under Rule 23(b)(1), (b)(2) and (b)(3).

28.1    Prosecuting separate actions by each of the individual Class members would create a risk of inconsistent or varying adjudications regarding those individual Class members that would establish incompatible standards of conduct for Defendant.

28.2    A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

28.3    The City has acted or refused to act on grounds that apply generally to the class by failing to implement policy or procedure providing pre- or post-termination

hearings to terminated employees so injunction or declaratory relief is appropriate respecting the class a whole.

28.4    The amounts owed to some individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.

28.5    Class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation. Plaintiff is unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CONSTITUTIONAL CLAIM

### Due Process Violation – 42 U.S.C. § 1983
### Fourteenth Amendment – United States Constitution

29.    Plaintiff incorporates by reference each allegation above.

30.    Mrs. Hampton and other similarly situated Nampa public employees have a protected liberty interest in their good name, reputation, and in continued and future employment.  The City has, in prior litigation, admitted that its public employees have a protected liberty interest.

31.    Mrs. Hampton and other similarly situated Nampa public employees have a protected property interest in their employment with the City of Nampa.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, Page 8

32.    The City's actions in Mrs. Hampton's and other City employee's terminations were stigmatizing based on false allegations against employees and became part of their personnel files.

33.    Under Idaho Code § 74-106(1), personnel records are exempt from public disclosure, "other than the public official's public service or employment history, classification, pay grade and step, longevity, gross salary and salary history, status, workplace and employing agency."  Any stigmatizing language would be part of the employee's employment history and subject to public disclosure.

34.    The City violated due process rights by not providing Mrs. Hampton and other similarly situated City employees with fair notice and the opportunity to be heard to clear the employee's name of such false accusations.  Defendant failed to provide an employee with a pre-termination hearing or post-termination hearing meeting due process standards.

35.    The City of Nampa violated due process rights by not providing Mrs. Hampton and the Class with fair notice and the opportunity to be heard to protect their property interest in employment with the City of Nampa.

36.    To the extent the Termination Letter given to Mrs. Hampton setting forth a name-clearing process represents the current policy, practice or procedure utilized by the City of Nampa to fulfill its Constitutional obligations of fair notice and rights to a hearing, the Termination Letter violated due process because Defendant did not provide for an impartial decision maker.

37.    The City's actions violated a clearly established constitutional right for which a reasonable official should have been aware based on existing legal precedent.

38.     The City's actions, as identified in the foregoing Constitutional violations, have caused the Plaintiff and the Class immediate and irreparable injury to the employee's persons resulting in the deprivation of the employee's constitutional rights, privileges and immunities.

39.     Plaintiff and the Class is entitled to all available relief, including injunctive relief, back pay, reinstatement and/or front pay, and actual and compensatory damages.  Under 42 U.S.C. §1988(b), Plaintiff and the Class may recover reasonable attorney fees as part of the employee's costs in prosecuting the claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Theresa Hampton, and on behalf of all others similarly situated, prays for the following relief:

1.     An Order certifying the Class under Rule 23, Federal Rules of Civil Procedure and naming Plaintiff, Theresa Hampton, as the representative of the Class and Plaintiff's attorney as Class Counsel to represent the Class;-

2.     A declaratory judgment that the practices complained of above are unlawful and violate the Fourteenth Amendment, United States Constitution, due process requirements;

3.     A preliminary and permanent injunction against the City of Nampa, its employees, representatives, and agents, and all persons acting in concert with them, from engaging in practices or policies that violate the constitutional rights of Plaintiff or the Class; terminating employees without pre- or post-termination hearings and without providing notice of the right to hearings;

4.     An order that the City of Nampa implement policies and practices providing due process to employees terminated from employment, including pre- and post-termination hearings and constitutionally required notice of such rights;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, Page 10

5.      An order restoring Plaintiff and Class Members to their rightful positions, reinstatement, or in lieu of reinstatement, an order for front pay;

6.      That judgment be entered for Plaintiff and the Class against the City of Nampa for back pay, lost benefits including lost PERSI benefits and interest thereon;

7.      That Judgment be entered for Plaintiff and the Class against the City of Nampa for all damages sustained because of the City of Nampa's conduct, including damages for emotional distress, humiliation, anguish, embarrassment, according to proof;

8.      That judgment be entered for Plaintiff, the Class, and against the City of Nampa for reasonable compensatory damages and all other damages owed in an amount to be proven;

9.      That Plaintiff and the Class be awarded costs including, but not limited to, attorney fees, expert fees and other costs and expenses of this litigation pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23(h);

10.     For pre-judgment and post-judgment interest as provided by law; and,

11.     That Plaintiff and the Class be awarded such other and further legal and equitable relief as found appropriate and as the Court may deem just or equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues under Rule 38, F.R.C.P.

DATED this 3rd day of April, 2017.

THOMAS, WILLIAMS & PARK, LLP


_____/s/ William H. Thomas_____
William H. Thomas
Attorneys for Plaintiff


CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL, Page 11